# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JOE R. BENNETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:07-cv-1852-K |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on November 6, 2007. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Procedural History: On or about February 25, 2004, plaintiff Joe R. Bennett ("Plaintiff" or "Bennett") filed an application for disability insurance benefits claiming disability due to a degenerative disk condition. (Administrative Record (hereinafter "Tr.") at 53-56, 66-75). He alleged a disability onset date of May 13, 2003. (Tr. at 67).

The Administrative Law Judge ("ALJ") conducted a hearing on February 15, 2007 at which Bennett appeared with counsel. (Tr. at 298-326). The ALJ heard testimony from Bennett and from Michael Driscoll, a vocational expert. (Id.). On May 25, 2007, the ALJ held that Plaintiff was disabled from May 13, 2003 until November 15, 2004 only, but that thereafter he was not disabled under the Social Security Act. (Tr. at 21-25).

Plaintiff timely requested a review of the ALJ's partially unfavorable decision by the

Appeals Council and on September 18, 2007, the Appeals Council denied his request. (Tr. at 4-6). Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed his federal complaint on November 6, 2007. Defendant filed an answer on January 25, 2008. On April 15, 2008, Plaintiff filed his brief, followed by Defendant's brief on June 11, 2008. Plaintiff filed his reply brief on July 3, 2008.

<u>Standard of Review - Social Security Claims</u>: When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence. *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment. *Villa*, 895 F. 2d 1022 (citations omitted). Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive. *Perez v. Barnhart*, 415 F.3d 461(5th Cir. 2005).

<u>Discussion</u>: To prevail on a claim for disability insurance, a claimant bears the burden of establishing that he or she is disabled, defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than 12 months." 20 C.F.R. § 404.1505. Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the first four steps, a claimant has the burden of proving that his disability prevents him from performing his past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989). "A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In this case, the ALJ proceeded to step five, finding that Plaintiff's cervical spine disorder was a disabling impairment from May 13, 2003 through November 15, 2004 but that after November 15, 2004, Plaintiff experienced medical improvement that would allow him to perform jobs that exist in significant numbers in the national economy. (Tr. at 24). He therefore denied Plaintiff's request for benefits. (Tr. at 24-25).

Plaintiff alleges several errors by the ALJ. First, he claims the ALJ erred in his residual functional capacity determination. The Social Security regulations define residual functional capacity as the most an individual can still do despite any physical and mental limitations that affect what she can do in a work setting. *See* 20 C.F.R. §§ 404.1545. It is the ALJ's responsibility alone to determine the residual functional capacity based on "all the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3), 404.1546(c), *Ripley v. Chater*, 67

3

F.3d 552, 557 (5th Cir. 1995).

Specifically, Plaintiff claims the ALJ improperly concluded that he possessed the residual functional capacity "to lift and carry more than twenty pounds or stand or walk for prolonged periods." Plaintiff's Brief at p. 7. However, Plaintiff misquotes the ALJ's residual functional capacity determination, which is as follows:

> As of November 15, 2004, Mr. Bennett regained the ability to obtain, perform, and maintain the following residual functional capacity on a consistent, sustained basis: lift and carry twenty pounds occasionally and ten pounds frequently; sit, stand, and walk (individually or in combination) throughout an eight-hour workday; and otherwise perform the full range of light work. He could kneel and crawl occasionally, and he could work overhead occasionally.

(Tr. at 22). Plaintiff claims the ALJ's determination is inconsistent with reports from Dr. Richard Marks, Dr. Douglas Waddell and Dr. Abbass Sekhavat, all of which Plaintiff asserts maintain that he is completely disabled, and that the ALJ erred in rejecting these treating physicians' opinions. Plaintiff's Brief at p. 9 (citing Tr. At 283, 288, 289-291). However, none of these reports cover the period after November 15, 2004, the date on which Dr. Sekhavat concluded that Plaintiff could "increase activities as tolerated" and ordered him to return in six months (as opposed to prior visits in which he ordered him to return in three months). (Tr. at 266). The ALJ found that Bennett was disabled during the period from May 13, 2003 to November 15, 2004. Therefore, neither Dr. Marks's functional capacity evaluation form dated June 1, 2004, concluding that he was unable to do any sedentary, light, medium or heavy activity (Tr. at 289-291), nor his subsequent report dated October 19, 2004 (Tr. at 287-288) conflict with the ALJ's decision that his period of disability ended on November 15, 2004. He does not refer to any progress notes or physician reports dated after November 15, 2004 that opine that he was

4

disabled or which contradict the ALJ's findings. Therefore, substantial evidence supports his decision in this respect.

Plaintiff also claims the ALJ should not have relied on the report of state agency medical consultant Dr. Kelvin Samaratunga in making his residual functional capacity determination. However, the ALJ did not rely on Dr. Samaratunga's report, in which he opined that Plaintiff was not disabled during any time period, and in fact, reached a contrary conclusion in finding Plaintiff disabled before November 15, 2004. The ALJ merely noted that he "concur[red] with [Dr. Samaratunga's] assessment as it pertains to the period after November 15, 2004 . . ." (Tr. at 22)] Plaintiff finally claims that the ALJ made conflicting findings that Plaintiff could perform "the full range of sedentary work" and also "a range of sedentary work." Plaintiff's brief at p. 8. However, Plaintiff's argument is unclear as nothing in the ALJ's decision addresses Plaintiff's ability to do sedentary work and, as referenced above, the ALJ did not limit Plaintiff to sedentary work. Therefore, substantial evidence supports the ALJ's residual functional capacity determination.

Plaintiff claims the ALJ erred in relying on the Vocational Grids in determining his disability status. However, the ALJ did not solely rely on the grids or conclude that the grids directed a finding of not disabled. He properly used the grids only as a framework and relied upon testimony from the vocational expert in making his determination. (Tr. at 22-24). *See* 20 C.F.R. §§ 404.1569a (d) (the grids "provide a framework to guide our decision"); *see also, e.g.*, *Smith v. Apfel*, 1998 WL 699405, at * 1 (5th Cir. 1998) (finding that substantial evidence supported ALJ's decision where "the ALJ used the grids only as a framework, premising his conclusion primarily upon the individualized testimony of the Vocational Expert"); *Lawler v.*

5

*Heckler*, 761 F.2d 195, 198 (5th Cir. 1985) (remanding case for consideration of testimony of vocational expert where grids could not properly be relied upon). Therefore, the ALJ did not err and substantial evidence supports his decision in this respect.

Plaintiff also asserts that the ALJ erred with respect to testimony by the vocational expert, arguing that the ALJ "failed to specify whether the testimony of the vocational expert was exclusively relied upon in finding Claimant not disabled, and if so, failed to establish that the hypothetical questions posed coincided directly with the ALJ's findings regarding residual functional capacity." Plaintiff's Brief at pp. 12-13. It is clear from the ALJ's lengthy discussion of the vocational expert's testimony and his citation to the expert's testimony in finding 16, that he relied upon the expert's testimony in reaching his decision. (Tr. at 22-24). With respect to the hypothetical proposed, the hypothetical question posed to the vocational expert by the ALJ must "incorporate reasonably all disabilities of the claimant *recognized by the ALJ*." *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir.1994) (emphasis added). The ALJ presented a hypothetical question to the vocational expert that mirrored his determination as to Plaintiff's residual functional capacity. (Tr. at 319-320). Plaintiff references testimony by the vocational expert in response to his attorney's questioning. (Tr. at 323). However, Plaintiff's attorney presented the expert with additional limitations beyond those found credible by the ALJ (i.e., the need to lie down for thirty minutes every two to three hours and mental impairment due to prescription medication). The ALJ concluded that neither of these limitations was credible and, therefore, accepted the vocational expert's testimony that since his medical improvement as of November 15, 2004, there are a significant number of jobs in the national and local economies which Plaintiff can perform. (Tr. at 18-19, 24). The ALJ was not required to include limitations that he found lacked credibility nor was he required to rely on the vocational expert's testimony in

6

response to questioning based on such limitations. Therefore, the ALJ did not err in this respect.

Finally, Plaintiff claims that the ALJ erred in finding his testimony was not credible. "It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference." *Chambliss v. Massanari,* 269 F.3d 520, 522 (5th Cir. 2001) (citations omitted). Moreover, pain must be "constant, unremitting, and wholly unresponsive to therapeutic treatment to be disabling." *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). In the Fifth Circuit, an ALJ must give reasons for rejecting claimant's subjective testimony only where the *evidence clearly favors the claimant* and is not required to "follow formalistic rules in his articulation." *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994).

The ALJ properly evaluated Plaintiff's credibility. In the ALJ's lengthy decision, he thoroughly reviewed and summarized all of the medical evidence and analyzed Plaintiff's testimony under a number of the factors contained in SSR 96-7p for assessing credibility. SSR 96-7p (factors include plaintiff's daily activities, plaintiff's symptoms, factors that precipitate and aggravate those symptoms, the medications prescribed to plaintiff, and the medical treatment plaintiff has received); *see also* 20 C.F.R. § 404.1529 (listing same factors). With respect to Plaintiff's testimony, the ALJ concluded:

> I also have considered Mr. Bennett's testimony as to his significant functional limitations and his medication side effects. However, I again note the lack of objective evidence to support his allegations as to his functional limitations. I also note Mr. Bennett had not previously voiced significant complaints as to medication side effects, nor had he sought medication changes due to any side effects. His allegations, made essentially for the first time at the disability hearing, are not fully credible.

(Tr. at 21). Although the medical records document some complaints of pain to Plaintiff's physicians, they do not support a finding of pain that is disabling, i.e. constant, unremitting and

7

wholly unresponsive to therapeutic treatment. Further, none of the medical records support the limitations urged by Plaintiff or document his alleged medication side effects. The ALJ evaluated Plaintiff's testimony in light of all the objective medical evidence and concluded that the evidence did not support his testimony. "These are precisely the kinds of determinations that the ALJ is best positioned to make." *Falco*, 27 F.3d at164.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the District Court enter its order AFFIRMING the decision of the Commissioner and DISMISSING this action with prejudice. A copy of this recommendation shall be transmitted to counsel for the parties.

Signed this 9th day of January, 2009

*/s/ Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.